UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| JASON DANIELS | CIVIL ACTION |
| v. | NO. 18-7340 |
| LOUIS KING, ET AL. | SECTION "F" |


ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the defendants' motion for partial summary judgment, noticed for submission on February 5, 2020, has been submitted.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] This personal injury lawsuit arises out of a sideswipe collision on I-10 between a tractor-trailer (owned by TVS, Inc. d/b/a Deep South Freight, operated by Deep South employee Louis King, and insured by Starr Indemnity and Liability Company) and an Acura MDX driven by Jason Daniels. Daniels sued the defendants in state court, alleging that King's negligence caused the accident, Deep South Freight is vicariously liable, and Deep South is liable for its direct negligence in hiring and failing to adequately train and supervise King. Daniels alleges, and Deep South Freight admits that King was acting in the course and scope of his employment

1

with Deep South when (it is alleged by Daniels) King caused the sideswipe collision. The defendants now seek partial summary relief dismissing the direct negligence claims against Deep South Freight on the ground that its admission of vicarious liability for the alleged negligence of its employee precludes Daniels's direct negligence claims against employer Deep South.

The defendants invoke decisions by other Sections of this Court and other federal district courts in Louisiana that have made Erie guesses to support their conclusions that direct negligence claims against an employer under these circumstances must be dismissed; the courts generally reason as follows: "if the employee was found negligent, the employer was automatically liable, while if the employee was not negligent, then no amount of negligence in the hiring or training of him would render the employer liable." See, e.g., Giles v. Ace Am. Ins. Co., No. 18-6090, 2019 WL 2617170, at *2-3 (E.D. La. June 26, 2019)(Vance, J.). Giles and other cases present the same fact pattern arising here: the plaintiff's claims arose out of an alleged motor vehicle accident where a truck driver employee was acting in the course and scope of his employment. The plaintiff alleges negligence claims against the employee and alleges vicarious liability along with negligent failure to hire/train/supervise against the defendant driver. The defendants invoke a line of cases unanimously determining that dismissal of the negligent hiring/training/supervision claims should be dismissed because the employer concedes vicarious liability for the employee's alleged negligence. The Court finds these cases persuasive. See Coffey v. Knight Refrigerated, LLC, No. 19-3981, 2019 WL 5684258, at *3 (E.D. La. Nov. 1, 2019)(Morgan, J.); Giles, 2019 WL 2617170, at *2-3; Thomas v. Chambers, No. 18-4373, 2019 WL 1670745, at *7 (E.D. La. Apr. 17, 2019)(Vance, J.); Vaughn v. Taylor, No. 18-1447, 2019 WL 171697, at *3 (W.D. La. Jan. 10, 2019); Franco v. Mabe Trucking Co., Inc., No. 17-871, 2018 WL 6072016, at *4 (W.D. La. Nov. 20, 2018); Wright v. Nat'l Interstate Ins. Co., No. 16-16214, 2017 WL 5157537, at *3 (E.D. La. Nov. 7, 2017)(Fallon, J.); Wilcox v. Harco Int'l Ins., No. 16-187, 2017 WL 2772088, at *3 (M.D. La. June 26, 2017); Dennis v. Collins, No. 15-2410, 2016 WL 6637973, at *7 (W.D. La. Nov. 9, 2016). The plaintiff offers no contrary authority. Partial summary judgment is warranted.

that defendants' motion for partial summary judgment is hereby GRANTED as unopposed. The plaintiff's direct negligence claims against Deep South Freight are hereby dismissed.

New Orleans, Louisiana, February 5, 2020

```
                    _____
                       MARTIN L. C. FELDMAN
                     UNITED STATES DISTRICT JUDGE
```